UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JANICE GILMORE,

    Plaintiff,

  v.

JO ANNE B. BARNHART, Commissioner of Social Security Administration,

    Defendant.

CASE NO.   C05-5015JKA

ORDER AFFIRMING ADMINISTRATIVE DECISION

    This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c).  This matter has been briefed and after reviewing the record, the Court affirms the Social Security Administration's decision denying plaintiff's application for social security benefits.

    Plaintiff brings the instant action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the defendant's final decision denying plaintiff's application for disability insurance benefits.  Plaintiff specifically is seeking benefits from the alleged date of onset, July 17, 1991 through March 31, 1997, when she was last insured.  After reviewing the record, the court finds and orders as follows:

    1. This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Richardson v. Perales, 402 U.S.

ORDER
Page - 1

389, 401 (1971); <u>Fife v. Heckler</u>, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. <u>Sorenson v. Weinberger</u>, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); <u>Carr v. Sullivan</u>, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision. <u>Allen v. Heckler</u>, 749 F.2d 577, 579 (9th Cir. 1984).

      2. The ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered. <u>Brown v. Heckler</u>, 713 F.2d 441, 443 (9th Cir. 1983). <u>Bunnell v. Sullivan</u>, 947 F.2d 341 (9th Cir. 1991) (*en banc*), is controlling Ninth Circuit authority on evaluating plaintiff's subjective complaints of pain. <u>Bunnell</u> requires the ALJ findings to be properly supported by the record, and "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's testimony regarding pain.'" <u>Id</u>. at 345-46 (quoting <u>Elam v. Railroad Retirement Bd.</u>, 921 F.2d 1210, 1215 (11th Cir. 1991)).

      Here, the ALJ sufficiently explained her reasons for discrediting plaintiff's testimony or credibility with regard to her alleged disabilities and limitations. The ALJ referred to medical records that did not support disability, including support for minimal mental impairments during the relevant time period. Tr. 31-32. The ALJ further explained plaintiff's lack of compliance with medical directions and advice, along with activities that were inconsistent with total disability, as reasons for discounting her testimony alleging total disability. Tr. 32. The court finds the ALJ's reasons for discrediting plaintiff's testimony legally sufficient.

      3. If the ALJ cannot determine whether a claimant is disabled based on a claimant's current work activity or on medical facts alone, and a claimant has a severe impairment(s), a review is made of the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). The ALJ is entitled to resolve conflicts in the medical evidence. <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1230 (9th Cir. 1987). He may not, however, substitute his own opinion for that of qualified medical experts. <u>Walden v. Schweiker</u>, 672 F.2d 835, 839 (1 1th Cir. 1982). If a treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so. <u>Murray v. Heckler</u>, 722 F.2d 499, 502 (9th Cir. 1983).

In this case, the ALJ found Ms. Gilmore suffered from two specific impairments during the relevant time period, degenerative disc disease and asthma. In addition the ALJ considered plaintiff's medical history which included, depression, alcoholism, pneumonia, sinusitis, and shoulder strain. The ALJ specifically discussed and summarized the medial records related to each of these conditions. Tr. 21-29. The ALJ concluded that Ms. Gilmore retained the ability to lift or carry 25 pounds occasionally, to stand or walk for six hours in an eight hour workday, and to sit for six hours in an eight hour workday, but excluded work in cold and drafty areas. The ALJ found that with this physical assessment, Plaintiff had the capacity to return to her job as VIP lounge hostess, as it is generally performed.

The medical evidence cited in the ALJ's opinion sufficiently supports the ALJ's determination. The ALJ specifically relied on the opinions of Dr. Knight, Dr. Williamson-Kirkland, and Dr. Boyd. The ALJ properly rejected contrary opinions offered by Dr. Steneker and Dr. Upadhyaya. The ALJ rejected an August 2001, disability opinion from Dr. Steneker, noting that Plaintiff complained to Dr. Steneker about problems other than back pain, that other evidence cast doubt on her motivation to return to work, and that her breast cancer diagnosis and treatment occurred after her March 31, 1997, date last insured, which Dr. Steneker appears to have not excluded from his 2001 report (Tr. 32, 334-52). Similarly, The ALJ found the opinions of Dr. Upadhyaya immaterial because they did not address Plaintiff's condition before her March 31, 1997, date last insured (Tr. 32).

4. Accordingly, the Court AFFIRMS the Social Security Administration's final decision and this matter is DISMISSED in favor of defendant.

DATED this 21st day of December, 2005.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge